UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY, | **COMPLAINT** |
| Plaintiff, | Civil Action No.: |
| -against- | |
| KOOKMIN BEST INSURANCE CO., LTD. (US Branch), KBIC INSURANCE, and JOHN DOES 1-50, | |
| Defendants. | |

Plaintiff The Ohio Casualty Insurance Company ("Ohio Casualty") by its attorneys, Gerber Ciano Kelly Brady LLP, seeks a declaratory judgment against Defendants Kookmin Best Insurance Co., Ltd.("Kookmin") and KBIC Insurance (collectively "KBIC") pursuant to 28 U.S.C. §§ 2201 and 2202 and alleges as follows:

### INTRODUCTION

1. This is a Complaint for breach of contract in which Plaintiff seeks a determination that Defendant breached its obligations to Ohio Casualty under a primary insurance policy that KBIC issued to non-party Delgado Travel ("Delgado").

2. Plaintiff seeks a declaratory relief and determination that Ohio Casualty is equitably subrogated to the rights of Delgado against KBIC as a result of Plaintiff Ohio Casualty's payment of indemnity costs in the underlying action titled *Luz M. Morales v. Delgado Travel Agency Inc., Delgado Travel II Corp., Delgado & Delgado Travel Corp. and HCT Realty LLC*, Supreme Court, Queens County, Index No.: 706661/2018 ("Underlying Action").

## THE PARTIES

3. At all times hereinafter mentioned, Ohio Casualty is an insurance company domiciled in the State of Ohio which is authorized to conduct business in the State of New York.

4. Kookmin is a foreign corporation organized under the laws of the Republic of South Korea and has its principal place of business in the State of New Jersey.

5. KBIC is a foreign corporation organized under the laws of the Republic of South Korea and has its principal place of business in the State of New Jersey.

6. At all times hereinafter mentioned, Defendant KBIC is and was engaged in the insurance business and is licensed to issue insurance policies in the State of New York.

7. At all times hereinafter mentioned, Defendant KBIC is and was engaged in the insurance business and is licensed to issue insurance policies in the State of New York.

8. KBIC conducts business within the State of New York.

9. Kookmin conducts business within the State of New York.

10. At all times relevant hereto, Defendants John Does 1-50 are entities with a controlling, parent or governing interest in Defendant KBIC that are liable to Ohio Casualty for Defendant KBIC's conduct in handling the Underlying Action as described in more detail below.

## VENUE AND JURISDICTION

11. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. 1332 in that the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

12. Venue in this Judicial District is proper pursuant to 28 U.S.C. 1391(a)(2) as it is the Judicial District in which the Underlying Actions was venued in New York State Supreme Court, Queens County.

## THE UNDERLYING ACTION RELEVANT TO THIS ACTION

**The Insurance Policies**

13. Upon information and belief, KBIC issued to Delgado a general liability insurance policy, policy no. 010165839CP0102 effective 02/06/2017 to 02/06/2018 ("KBIC Policy").

14. Upon information and belief, pursuant to the terms of the KBIC Policy, KBIC undertook to pay on behalf of Delgado those sums that Delgado (the insured) becomes legally responsible to pay as damages because of bodily injury or property damage caused by an occurrence.

15. The KBIC Policy has policy limits of $1 million for each occurrence and $2 million limit in the aggregate.

16. Ohio Casualty issued an Excess Liability Policy, policy no. EU0 (18) 54704144 effective 03/27/2017 to 03/27/2018 to Delgado ("Excess Policy").

17. Pursuant to the terms of the Excess Policy, Ohio Casualty undertook to pay that portion of the damages for personal injury for which Delgado is legally responsible that exceeds the limits of any and all underlying liability coverage maintained by Delgado for any one occurrence.

18. Pursuant to the terms of the Excess Policy, coverage is not triggered until the coverage extended under the KBIC Policy is exhausted.

**The Underlying Action and Claims**

19. The Underlying Action resulted from injuries sustained by underlying plaintiff Luz Morales ("Morales") on August 5, 2017 as a result of a trip and fall at Delgado's store premises

located at 40-05 104th Street, Queens, New York ("Premises"). It is alleged Morales' accident was the result of defective, damaged, and worn floor mats on the Premises.

20. Morales detailed her injuries, surgeries, ailments, disabilities, and medical expenses in her Verified Bill of Particulars dated December 7, 2018.

21. Morales alleged serious injuries which were never in dispute in the Underlying Action. Morales sustained fractures of both her right femur and left femur which necessitated open reduction and internal fixation surgery to both her legs. Morales also sustained tears of the medial meniscus and lateral meniscus of her right knee which also required surgery.

22. KBIC was the primary insurer of Delgado during the time of the incident with an applicable and available policy limit of $1 million.

23. Ohio Casualty provided excess insurance, over and above the limits of the KBIC primary policy to Delgado during the time of the incident detailed in the Underlying Action in the amount of $10 million.

24. KBIC agreed to defend Delgado with the Underlying Action without reservations and in doing so, retained counsel ("Defense Counsel") to represent Delgado's interests in the Underlying Action.

**Failed Settlement Negotiations**

25. Morales had been actively seeking to resolve the Underlying Action before trial and as early as 2020 without any response ever from KBIC.

26. During a virtual settlement conference on November 23, 2020, Morales remitted a demand for settlement in the amount of $4.25 million to which Defense Counsel agreed to "write up" the demand for KBIC's review and consideration.

27. KBIC did not respond to Morales' demand of November 23, 2020.

28. Since the time of Morales' settlement demand, Morales was in contact with Defense Counsel on numerous occasions through telephone seeking to settle the Underlying Action.

29. Morales advised she would accept a settlement amount below $1 million and within KBIC's policy limits before the time of trial and before preparation and retention of trial counsel.

30. On at least the following dates, February 18, 2021, March 26, 2021, June 25, 2021, September 14, 2021, November 23, 2021, Defense Counsel advised KBIC that Morales would accept a settlement within the primary layer of coverage and for six-figures.

31. KBIC ignored the settlement demands and never made an offer in 2020.

32. KBIC ignored the settlement demands and never made an offer in 2021.

33. KBIC ignored the settlement demands and never made an offer in 2022.

34. Defense Counsel advised Morales he discussed the case with KBIC as well as the settlement demand but there was no interest or response by KBIC to Morales' settlement overtures.

35. From 2020 to 2023, the handling claims adjusters for KBIC repeatedly represented they were presenting the claim in the Underlying Action to KBIC management and awaiting settlement authority.

36. KBIC failed to ever secure settlement authority during the time period in which Delgado would have settled the Underlying Action for an amount within KBIC's policy limits.

37. KBIC failed to ever communicate any settlement authority until the eve of trial.

38. Delgado's agent and/or broker made numerous attempts to get KBIC's attention to respond to Morales' settlement demands, but to no avail.

39. Ohio Casualty made numerous attempts to contact KBIC to demand settlement within KBIC's primary policy limits.

40. Although KBIC did not disagree with Defense Counsel's value of the Underlying Action, KBIC chose to ignore Ohio Casualty's demands to settle the Underlying Action within KBIC's limits.

41. By Motion dated and filed on 08/30/2022 in the Underlying Action as NYSCEF Doc. No. 192, ¶21, Morales represented to the court that:

> As further demonstration of our good faith effort to settle this action with the Defendant, our office went as far as to offer mediation options to defense counsel in an effort to settle this action without further litigation. This has also been to no avail through the Defendant's recalcitrant failure to conduct any settlement negotiations or make any decision to submit this matter to mediation in an effort at settlement through a mediator at mediation.

42. KBIC never opposed the statement or Motion referenced in the above paragraph.

43. In their reports, KBIC's Defense Counsel consistently provided settlement values within KBIC's policy limits and urged settlement.

44. KBIC's Defense Counsel did not recommend filing any dispositive motions in the Underlying Action because liability was clearly attributable to Delgado. As such, KBIC decided not to file any motions for summary judgment based on the indisputable liability.

45. Ohio Casualty demanded KBIC settle the Underlying Action on numerous occasions including January 18, 2022, February 7, 2022, March 22, 2022, March 30, 2022, April 20, 2022, June 14, 2022, July 13, 2022, July 14, 2022, September 16, 2022, December 2, 2022, and April 27, 2023.

46. KBIC intentionally failed and/or intentionally withheld settlement and in doing so, would not respond to Ohio Casualty's demand to settle.

**KBIC's Unreasonable And Belated Tender**

47. Jury selection and trial of the Underlying Action was scheduled for May 11, 2023 in Supreme Court, Queens County.

48. Days before the trial, on April 27, 2023, KBIC authorized an offer of $1 million towards a settlement of the Underlying Action.

49. Despite the tender of KBIC's limits, Delgado would not settle the Underlying Action for $1 million.

50. On May 1, 2023, Ohio Casualty's counsel was forced to settle the Underlying Action for $1,350,000.00 with Ohio Casualty contributing $350,000 to the settlement.

**AS A FOR A FIRST CAUSE OF ACTION**
**FOR EQUITABLE SUBROGATION**

51. Plaintiff Ohio Casualty repeats and incorporates by reference the allegations contained with paragraphs 1 through 50 above as if fully set forth herein.

52. Plaintiff Ohio Casualty, as an excess insurer, was required to make a significant payment to resolve the claims asserted against Delgado in the Underlying Action as a result of KBIC's failure to settle the Underlying Action when it had numerous opportunities and many years to do so.

53. Because of KBIC's breach that resulted in payment by Ohio Casualty to protect the interests of Delgado, and consistent with the equitable subrogation right afforded to Ohio Casualty, Ohio Casualty is subrogated to the rights of Delgado and Ohio Casualty is entitled to recover from KBIC the amount incurred by Ohio Casualty to settle the Underlying Action.

54. Because of KBIC's breach that resulted in payment by Ohio Casualty to protect the interests of Delgado, and consistent with the equitable subrogation right afforded to Ohio Casualty under New York law which permits Ohio Casualty to be subrogated to the rights of Delgado, Ohio

Casualty is further entitled to reimbursement of $350,000 in addition to other damages including attorney fees to be determined at trial, interest and other expenses.

### AS A FOR A SECOND CAUSE OF ACTION
### FOR BREACH OF CONTRACT

55. Plaintiff Ohio Casualty repeats and incorporates by reference the allegations contained with paragraphs 1 through 54 above as if fully set forth herein.

56. KBIC issued the KBIC policy to Delgado in exchange for good and valuable consideration.

57. Plaintiff Ohio Casualty issued to Delgado the Ohio Casualty Excess Liability Policy which was excess to the KBIC policy.

58. The Underlying Action brought against Delgado involves a claim seeking damages that are covered by the KBIC policy.

59. Despite numerous opportunities to settle the Underlying Action for an amount within the limits of the KBIC policy, KBIC failed to settle the Underlying Action against Delgado under the KBIC policy.

60. As a result of KBIC's failure to settle the Underlying Action within the limits of the KBIC policy, Delgado and Ohio Casualty were exposed to liability in excess of the KBIC policy.

61. The failure of KBIC to undertake the contractual obligation of negotiating settlement of the Underlying Action constitutes a breach of its contract.

62. Adherence to satisfaction of the terms of the KBIC policy issued to Delgado is a pre-condition and condition precedent to coverage being available under the Excess Liability Policy.

63. Ohio Casualty is a third-party beneficiary of the insurance contract issued by KBIC to Delgado to which the Excess Liability Policy is excess.

64. As a direct and consequential result of KBIC's breach of its contractual obligation to properly settle, resolve and discontinue the Underlying Action, Ohio Casualty suffered significant losses in the form of $350,000 which represents the payment of the amount needed to protect the interests of Delgado in the Underlying Action as well as attorney fees associated with this endeavor.

65. Ohio Casualty is entitled to judgment in the amount of $350,000.00 for the settlement amount, plus attorney fees incurred by Ohio Casualty for the Underlying Action to be determined at trial, interest and other expenses.

## DEMAND FOR JURY TRIAL

66. Plaintiff demands a trial by jury on all causes of action.

**WHEREFORE**, Plaintiff The Ohio Casualty Insurance Company demands entry of judgment in its favor as follows:

a. Ohio Casualty is entitled to judgment in the amount of $350,000.00 for the settlement amount it was required to pay, plus interest from date of payment;

b. An award for attorney fees to be determined at trial that were incurred in protecting Delgado and Ohio Casualty's interests in this and the Underlying Action;

c. An award for costs, expenses, and disbursements incurred in connection with this action, including interest, in the maximum amount permitted by applicable law; and

d. Granting Ohio Casualty such other and further relief as the Court deems proper.

Dated: October 26, 2023

    Yours, etc.

    Gerber Ciano Kelly Brady LLP

    *Joanna M. Roberto*

    _____

    Joanna M. Roberto
    *Attorneys for Plaintiff*
    *The Ohio Casualty Insurance Company*
    PO Box 1060
    Buffalo, NY 14201
    (516) 329-9403
    File No: 1097.0128
    jroberto@gerberciano.com